RECEIVED
IN LAKE CHARLES, LA

JAN 16 2007

ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| JANA AND RYAN JOHN, INDIVIDUALLY AND AS CLASS REPRESENTATIVES ON BEHALF OF ALL PERSONS SIMILARLY SITUATED | : | DOCKET NO. 06-1407 |
| VS. | : | JUDGE TRIMBLE |
| NATIONAL SECURITY FIRE & CASUALTY COMPANY | : | MAGISTRATE JUDGE WILSON |

## MEMORANDUM RULING AND JUDGMENT

Before the Court is a "Motion for Reconsideration and Request for Oral Argument" (doc. # 24) filed by Jana and Ryan John, wherein the Plaintiffs move this Court to reconsider its November 3, 2006 ruling which dismissed the class allegations. For the following reasons, the motion will be denied.

## LAW AND ANALYSIS

The basis for this Court's prior ruling dismissing the class allegations was that a factual inquiry would be necessary to determine whether each putative class member's damages involves more than one trade and would warrant a general contractor. Also, this Court ruled that because of the supply and demand problem after Hurricanes Katrina and Rita struck Louisiana, a factual inquiry would have to be made into each putative member's claims, such as where and when materials and supplies were being purchased, what was the market price at the time, and when did the price of materials and supplies decrease. Because of the variations in the putative class members' claims, and the factual inquiry that would be involved, the class allegations were stricken from the

Complaint.

In their motion for reconsideration, Plaintiffs cite a new case, *Melot v. Oklahoma Farm Bureau Mutual Ins. Co.*,[1] wherein the court considered a class definition "whose [ ] worksheets/estimates indicate the involvement of three trades or more; and whose damage adjustments did not include adequately calculated and timely tendered compensation for general contractor's overhead and profit." Plaintiffs maintain that their class is similar and at the very least they should be allowed leave to amend to correct any deficiency.[2]

In the *Melot* case, the court was not called upon to make individualized determinations as to the need for three or more trades because the insurer's worksheets themselves indicated the need for three or more trades. However, that case only involved that one issue. The instant case also involves determining whether the Defendants' standardized unit pricing in calculating each putative members' damages was true market prices or below market prices. Again, as stated in this Court's previous memorandum ruling, this would inherently involve an individualized factual inquiry because of factors such as the geographical area of both Hurricanes Katrina and Rita, each different area's pricing increases and decreases because of supply and demand problems, and the relevant market price in that area.

## CONCLUSION

For the reasons set forth above, the motion for reconsideration is hereby **DENIED**. However, the Court is of the opinion that the decision rendered in this matter as to the allegations of a class

---

[1] 87 P.3d 644 (2004 Ok.Civ.App. 25, 87 P.3d 644).

[2] Plaintiffs have already been granted leave to amend prior to this Court ruling on the motion to dismiss the class allegations.

action involve a controlling question of law as to which there is substantial ground for difference of opinion, and that an immediate appeal from the order may materially advance the ultimate termination of the litigation. Hence, pursuant to Rule 1292 (b) of the Federal Rules of Civil Procedure the Court hereby GRANTS a certificate of appealability, if application is made within ten days after the entry of this order.

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, this 16th day of January, 2007.

JAMES T. TRIMBLE, JR.
UNITED STATES DISTRICT JUDGE