RECEIVED
IN ALEXANDRIA, LA

FEB 12 2008

ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| JANA AND RYAN JOHN, INDIVIDUALLY AND AS CLASS REPRESENTATIVES ON BEHALF OF ALL SIMILARLY SITUATED PERSONS | : | DOCKET NO. 06-1407 |
| VS. | : | JUDGE TRIMBLE |
| NATIONAL SECURITY FIRE & CASUALTY COMPANY | : | MAGISTRATE JUDGE KAY |

## MEMORANDUM RULING

Before the Court is "National Security Fire & Casualty Company's Motion to Dismiss Plaintiff's Complaint and/or to Strike Class Allegations Pursuant to Federal Rules of Civil Procedure 9(B), 12(B)(6) and 23" (doc. #66), wherein the mover seeks to dismiss Plaintiffs' Complaints in their entirety because they fail to state a claim upon which relief can be granted. Alternatively, mover seeks to strike from Plaintiffs' complaint, the class allegations because they are allegedly insufficient to meet the requirements of Rule 23 of the Federal Rules of Civil Procedure.

## FACTUAL STATEMENT

For a complete recitation of the facts, see Memorandum Ruling dated November 3, 2006 (doc. #21).

## RULE 12(B)(6) STANDARD

Federal Rule of Civil Procedure 12(b)(6) allows dismissal of a complaint when it fails to state a claim upon which relief can be granted. In considering a Rule 12(b)(6) motion, the Court must accept the factual allegations of the complaint as true and resolve any ambiguities or doubts regarding

the sufficiency of the claim in plaintiff's favor.[1] "In order to avoid dismissal for failure to state a claim, a plaintiff must plead specific facts, not mere conclusory allegations...."[2] "Legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss."[3] "[T]he complaint must contain either direct allegations on every material point necessary to sustain a recovery . . . or contain allegations from which an inference fairly may be drawn that evidence on these material points will be introduced at trial."[4]

## LAW AND ANALYSIS

Defendant, National Security Fire & Casualty Company ("National Security") seeks to have Plaintiffs Complaints dismissed in their entirety with prejudice because the Complaints fail to state a claim on behalf of the class and fails to meet the requirements of Rule 23 of the Federal Rules of Civil Procedure. National Security maintains that paragraph 49 of the First Amended Complaint which falls under the heading of "Class Action Allegations," and refers to fair market values, evaluation of property damage claims, below-market unit values and other related allegations, was not amended or supplemented in any fashion by Plaintiff's Second Amended Complaint. The Court would direct National Security to Magistrate Judge Wilson's Order dated November 1, 2007, which granted Plaintiffs' motion for leave to file the Second Supplemental and Amended Complaint, but also ordered that paragraph 49 be stricken from the Complaint.

---

[1] *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996); *Fernandez-Montes v. Allied Pilots Ass'n.* 987 F.2d 278, 284 (5th Cir. 1993); *Brumberger v. Sallie Mae Servicing Corp.,* 2003 WL 1733548, *1 (E.D. La. March 28, 2003).

[2] *Guidry v. Bank of LaPlace*, 954 F.2d 278, 281 (5th Cir. 1992).

[3] *Blackburn v. City of Marshall,* 42 F.3d 925, 931 (5th Cir. 1995).

[4] *Campbell v. City of San Antonio,* 43 F.3d 973, 975 (5th Cir. 1995).

Next, National Security complains that Plaintiffs are asserting allegations on behalf of *all class members* regarding price fixing and/or failure to pay "up to date" market value in derogation of this Court's prior ruling that found such allegations not proper for class certification.[5] National Security specifically complains of paragraphs 13, 14 (a), 15, 16-26, 26-33 and 34 - 41 of the First Supplemental and Amended Complaint. These paragraphs which assert the four causes of actions are not part of the Class Allegations which are found in paragraphs 48 - 58. Furthermore, Plaintiffs judicially admit in their opposition memorandum[6] that they have deleted any class of insureds seeking to recover for National Security's under-valuing of claims through the use of below-market values for labor and materials. Plaintiffs reiterate that what remains is a class of claims against National Security insurers who sustained damage to their structures as a result of Hurricanes Katrina and/or Rita, whose worksheet prepared by National Security or its adjusters "indicates the involvement of more than two trades," and which worksheets "fails to reflect any amount for general contractor's overhead and profit."[7]

National Security complains that the amended prayer seeks to find National Security liable to the "class" for failure to pay "up to date fair market values for unit costs of material and labor." The Court notes that the Johns and the putative class members seek to find National Security liable for "failing to include general contractor's overhead and profit in the estimation of losses and the payment of "actual cash value;"[8] the remainder of the prayer seeks liability only in favor of the Johns.

---

[5] See Memorandum Ruling dated November 3, 2006 (doc. #21)

[6] Pages 4 and 5.

[7] *Id.*, p. 5.

[8] See Second Supplemental and Amended Complaint, p. 5, PRAYER, § II, A. (I).

Hence, the Court finds no merit to National Security's argument.

National Security complains that the putative class members pray for extra contractual damages which is inappropriate. Plaintiffs concede that the putative class members are not seeking damages pursuant to Louisiana's bad faith statutes, Louisiana Revised Statutes 22:658 and 22:1220.[9] Furthermore, the prayer contained in the second supplemental and amended complaint seeks penalties under these statutes for the Johns, individually.[10]

National Security complains of the timeliness of Plaintiffs' attempt to re-plead the class action. Obviously, this argument lacks validity because of Judge Wilson's Order allowing the motion for leave to file the second supplemental and amending complaint.

National Security complains that Plaintiff's prayer improperly demands damages for fraud. Plaintiffs concede that this Court dismissed the fraud based claims and that they are not seeking a class based on fraud. Thus, the Court finds no merit to this argument.

National Security maintains that the class allegations must be stricken because individual facts predominate against any common issues which may be present, therefore Plaintiffs have failed to state a claim upon which the requested relief can be granted. National Security also maintains that Plaintiffs have stated no cause of action for automatic "overhead and profit" payments under Louisiana law. The Court agrees.

A complaint that gives a "bare bones" allegation that a wrong occurred and does not plead any of the facts giving rise to the injury, does not provide adequate notice.[11] In their class allegations,

---

[9] Plaintiffs' opposition, p. 5.

[10] Second Supplemental and Amended Complaint, PRAYER, ¶ VIII.

[11] *Beanal v. Freeport-McMoran, Inc.*, 197 F.3d 161, 164 (5th Cir. 1999) citing *Walker v. South Cent. Bell Tel. Co.*, 904 F.2d 275, 277 (5th Cir. 1990).

4

Plaintiffs make the conclusory allegation that if a claim requires more than two trades, they are automatically entitled to a general contractor resulting in 20% overhead and profit. The complaints, as amended, allege no facts that would demonstrate the need for a general contractor, nor do they allege any contractual provision that automatically entitles Plaintiffs to a general contractor. This Court finds that a case by case factual inquiry would have to be made regarding the type, nature and complexity of the necessary repairs before it can be determined if a general contractor is warranted. Such an individualized inquiry would necessarily prevent this type of claim from being certified as a class.

## CONCLUSION

Based on the foregoing, the motion to dismiss the complaints and/or to strike the class allegations will be granted in part and denied in part. The motion will be granted to the extent that the class allegations will be dismissed with prejudice; otherwise the motion is denied. The Court is of the opinion that the decision rendered in this matter as to the class allegation claims involves a controlling question of law as to which there is substantial ground for difference of opinion, and that an immediate appeal from the order may materially advance the ultimate termination of the litigation. Hence, pursuant to Rule 1292(b) of the Federal Rules of Civil Procedure the Court grants a certificate of appealability, if application is made within ten days after the entry of this order.

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, this 12th day of February, 2008.

JAMES T. TRIMBLE, JR.
UNITED STATES DISTRICT JUDGE